**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4638**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARQUAL LARON HUDGINS,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.  (5:13-cr-00077-RLV-DCK-1)

———————

Submitted:  December 4, 2014        Decided:  January 15, 2015

———————

Before WYNN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit
Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Ross Hall Richardson, Executive Director, Ann L. Hester, Douglas
E. Roberts, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.,
Charlotte, North Carolina, for Appellant.  Anne M. Tompkins,
United States Attorney, William M. Miller, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marqual Laron Hudgins was convicted after a trial of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). He contends that the district court erred when it denied his motion to suppress and did not give him credit under the Sentencing Guidelines for acceptance of responsibility. We affirm.

We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). We may reverse for clear error only if "it is left with the definite and firm conviction that a mistake has been committed." United States v. Wooden, 693 F.3d 440, 451 (4th Cir. 2012) (internal quotation marks omitted). Because the district court denied the motion to suppress, we construe the evidence in the light most favorable to the Government, the party prevailing below. United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013). We defer to the court's credibility findings. United States v. Griffin, 589 F.3d 148, 150 n.1 (4th Cir. 2009).

The "decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). Observation of any traffic violation, no matter how

minor, gives an officer probable cause to stop the vehicle. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). The officer's subjective intent in making the stop is not relevant if "sufficient objective evidence exists to validate the challenged conduct." United States v. Rooks, 596 F.3d 204, 210 (4th Cir. 2010). We conclude that the district court did not clearly err finding that the officer's testimony who initiated the traffic stop was credible. Taking his testimony as true, it is clear that, because the driver engaged in a traffic violation, the stop was proper.

Under U.S. Sentencing Guidelines Manual § 3E1.1(a) (2013), the sentencing court should decrease the offense level by two levels if the defendant clearly demonstrates acceptance of responsibility for his offense. When the district court determines that the defendant qualifies for a decrease under subsection (a), the offense level may be decreased by one additional level under § 3E1.1(b), if the Government so moves, "stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently[.]" USSG § 3E1.1(b). In "rare situations, such as when the defendant goes to trial to assert

3

and preserve issues that do not relate to factual guilt," the two-level adjustment may still be appropriate. United States v. Jeffery, 631 F.3d 669, 678 (4th Cir. 2011) (internal quotation marks omitted). The two-level reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." USSG § 3E1.1 cmt. n.2. For the additional one-level reduction to apply, the defendant must qualify for the two-level reduction. Because the district court "is in a unique position to evaluate a defendant's acceptance of responsibility," the finding that the defendant is not entitled to a reduction is "entitled to great deference on review." USSG § 3E1.1 cmt. n.5. Accordingly, we review a court's decision in this regard for "clear error."[*] United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). We conclude that the district court did not clearly err when it determined that Hudgins' refusal to stipulate that he had a prior felony conviction, causing the Government to have to prove this element at trial, was evidence that he was not eligible for sentencing credit for acceptance of responsibility.

Accordingly, we affirm the conviction and sentence. We deny Hudgins' motion to expedite the appeal as moot. We dispense with oral argument because the facts and legal

---

[*] We reject Hudgins' contention that review is de novo.

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED